# NO. 12-22-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | § | |
| --- | --- | --- | --- |
| *IN RE:* | | § | *ORIGINAL PROCEEDING* |
| *JOE MARLIN GILMER* | | § | |
| | | § | |

### MEMORANDUM OPINION
### PER CURIAM

Joe Marlin Gilmer, acting pro se, filed this original proceeding in which he complains of an order transferring his case from the 294th District Court in Van Zandt County to the County Court at Law of Van Zandt County and an order denying his motion to rescind an order to withdraw funds from his inmate trust account. Respondents are the Honorable Alfonso Charles, Presiding Judge of the Tenth Administrative Judicial Region and the Honorable Joshua Z. Wintters, Judge of the Van Zandt County Court at Law. The State of Texas is the Real Party in Interest.

According to Relator's appendix, he was sentenced in 2017 for the offense of aggravated assault date/family/house, with a deadly weapon. Relator subsequently filed a motion to rescind an order to withdraw funds from his inmate trust account. On January 22, 2020, the judge of the 294th District Court signed an order recusing himself and requesting that Judge Charles assign a judge to hear the case. On January 24, Judge Charles signed an order transferring the case to the County Court at Law. On January 29, Judge Wintters denied Relator's motion. Relator appealed, but the transfer order was not part of the record and the State did not file a brief; thus, this Court vacated and remanded because the record, as of the time of that appeal, was unclear as to whether the County Court at Law was acting on its own behalf or sitting for the judge of the District Court. *See* **Gilmer v. State**, No. 12-20-00123-CV, 2021 WL 2816409, at \*2 (Tex.

App.—Tyler June 30, 2021, no pet.) (mem. op.). On October 5, 2021, Judge Wintters signed a new order denying Relator's motion to rescind withdrawal order.[1]

Assuming, without deciding, that Relator's complaints are proper subjects for mandamus review, we cannot conclude that Relator has shown an abuse of discretion. First, Relator complains that the transfer order is void ab initio because Judge Charles was not authorized to transfer the case from the District Court to the County Court at Law. But if a motion to recuse is granted, as was done in this case, the presiding judge, i.e., Judge Charles, shall transfer the case to another court or assign another judge to the case. TEX. GOV'T CODE ANN. § 25.00255(i-3) (West Supp. 2021); *see James v. Underwood*, 438 S.W.3d 704, 712 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (noting that administrative judges have authority to "effectuate recusal transfers").

Second, Relator complains that the October 5 order is void ab initio because his motion to rescind stems from a criminal proceeding over which the County Court at Law lacks jurisdiction, and Judge Wintters disobeyed this Court's mandate in *Gilmer* by entering a subsequent order. However, our opinion in *Gilmer* was based on the absence of evidence in the record to demonstrate the County Court at Law's jurisdiction to sign an order on Relator's motion. Since that opinion issued, by virtue of Relator's appendix in this proceeding, this Court is now aware of the fact that Judge Charles transferred the case to Judge Wintters after the District Court judge recused himself. Additionally, the Texas Court of Criminal Appeals has made clear that the procedure authorizing inmate account withdrawal's for costs is a civil, post judgment, collection action, akin to a garnishment action. *See Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009); *see also* TEX. GOV'T CODE ANN. § 501.014 (West Supp. 2020). As we stated in *Gilmer*, the County Court at Law can have concurrent civil jurisdiction with the District Court. *Gilmer*, 2021 WL 2816409, at *2; *see* TEX. GOV'T CODE ANN. § 25.2362(b) (West Supp. 2020). Moreover, a county court at law judge may hear and determine a matter pending in any district court in that county. *See Gilmer*, 2021 WL 2816409, at *2; *see* TEX. GOV'T CODE ANN. § 74.094 (West 2013). The case was transferred to Judge Wintters's court after a recusal and the County Court at Law is authorized to hear the matter under the government code.

---

[1] Relator appealed from this order, but on the same day as this opinion, that appeal is being dismissed for want of jurisdiction. *See Gilmer v. State*, No. 12-22-00039-CV (Tex. App.—Tyler, Apr. 6, 2022) (mem. op.) (per curiam).

Accordingly, for the above reasons, we conclude that Relator is unable to establish an abuse of discretion that would entitle him to mandamus relief. We ***deny*** the petition for writ of mandamus.

Opinion delivered April 6, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 6, 2022**

**NO. 12-22-00052-CR**

**JOE MARLIN GILMER,**
Relator
V.
**ALFONSO CHARLES,**
**JOSHUA Z. WINTTERS,**
Respondents

---

## ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Marlin Gilmer; who is the relator in appellate cause number 12-22-00052-CR and the defendant in trial court cause number CR-15-00226, formerly pending on the docket of the County Court at Law of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on March 16, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*